SOZANSKY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.    May 27, 1909.)

1. MASTER AND SERVANT (§ 116*)—INJURY TO SERVANT—DEFECTIVE SCAFFOLD.
   If a master furnishes his workmen with suitable materials for construction of a scaffold, and they construct the scaffold in a defective manner, by reason of which one of them is injured, the master is not liable.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

2. NEW TRIAL (§ 68*)—VERDICT—SETTING ASIDE.
   Where plaintiff's right to recover depended on a question of fact, which should have been submitted to the jury, but the case was submitted under a charge in which the question did not come before the jury, the court properly granted a new trial, upon determining on the motion for new trial the question of fact in defendant's favor, though the facts did not justify the finding as matter of law.
   [Ed. Note.—For other cases, see New Trial, Dec. Dig. § 68.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Personal injury action by Mike Sozansky against the Interborough Rapid Transit Company. A verdict for plaintiff was set aside, and plaintiff appeals. Affirmed, and new trial granted.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Alexander B. Greenberg, for appellant.

James R. Quackenbush (Joseph H. Adams, of counsel), for respondent.

LEHMAN, J. The plaintiff, an iron worker, was injured by reason of a defect in the scaffolding on which he was working beneath the elevated railway structure of defendant. The jury brought in a verdict for the plaintiff, and the trial judge has set aside the verdict, on the ground that the plaintiff participated in the erection of the scaffolding, and the employer cannot be held responsible, where ne nas furnished his workmen with suitable materials for the construction of a scaffold, and they then perform the work of construction, and one of them is injured by reason of the defective manner in which it is. constructed.

I agree with the trial judge in this statement of the law but the serious question is whether the plaintiff did actually participate in the construction. He has himself testified that he did no work in the erection of the scaffold, but that he handed up some lumber to the other workmen. If he did this casually, and not as part of his work, I do not think it would constitute a participation in the erection of the scaffold. On the other hand, if he was one of the gang of workmen erecting the scaffold, then in legal effect he participated in the erection of the scaffold, and should not be allowed to recover. The trial justice has so found upon all the circumstances of the case. The question is one of fact, and should have been originally determined by the jury; but the case was submitted to them under a charge and theory in which this question did not come before them. I think, therefore, that, even though we believe that it cannot be said as a matter of law that the plaintiff participated in the construction of the scaffold, the trial justice was correct in setting aside the verdict and granting a new trial.

Order affirmed, and new trial granted, without costs on this appeal. All concur.